IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 SEP -8  P 1: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL..

MARSHALL TAYLOR,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )        2:05-cv-00745-WHA-CSC
CHIEF ALFORD WADSWORTH              )
and CHARLOTTE REED,                 )
                                    )
        Defendants.                 )

## MOTION FOR JUDGMENT ON THE PLEADINGS
## OR MOTION TO DISMISS

COME NOW Defendants Alfred Wadsworth and Charlotte Reed, by and through counsel, and move this Honorable Court to enter judgment on the pleadings in their behalf, or in the alternative, an order of dismissal for the Plaintiff's failure to state a claim upon which relief can be granted in the above-styled cause, and as grounds therefor state the following:

1.    As grounds for his complaint that his constitutional rights are being violated, the Plaintiff asserts the following: "(Broke into my home) 2 officers entered my home with drawn weapons while I was in restroom They threaten me and accused me of things I knew nothing about." [*sic*] (Paragraph V.)  In support of the above, the Plaintiff stated the following facts: "At my residence around 8:00 to 9:00 pm April 2005 2 officers pratt police Dept." [*sic*] (Paragraph V.)

2.     In his prayer for relief, the Plaintiff stated, "I want police to stop harrassing me and accussing me of things I know nothing about. I want Chief Alford Wadsworth to do something about this." [*sic*] (Paragraph VI.)

3.     Defendants may raise their defense of Plaintiff's failure to state a claim upon which relief can be granted in a Motion for Judgment on the Pleadings pursuant to *Federal Rules of Civil Procedure* 12(b)(6), 12(c), and 12(h)(2). "Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. Nordicktrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000). The instant Motion is based on the facts as alleged in the Complaint and applicable rules and law. There are no genuine issues of material fact relevant to this Motion.

4.     Plaintiff's sole claim is that two unidentified police officers entered his home with weapons drawn and questioned and harassed him about matters of which he knew nothing. Plaintiff has not alleged any specific constitutional violation, nor has he alleged the violation of any federal law.

5.     Furthermore, Plaintiff has neither alleged, nor proffered any facts to support an allegation, that Alfred Wadsworth or Charlotte Reed participated in the wrongful acts, directed the wrongful acts, solicited the wrongful acts, or aided and abetted the wrongful acts alleged in his Complaint. Plaintiff has alleged no involvement whatsoever by Defendants Wadsworth and Reed in the acts

complained of.

6.    The Plaintiff has failed to state a claim upon which relief can be granted.

Rule 8 of the *Federal Rules of Civil Procedure* requires that, "a pleading...contain...a

short and plain statement of the claims showing that the pleader is entitled to relief."

> Even under the so-called notice rules of pleading, the complaint must
> state a cause of action sufficient to affirmatively show the plaintiff is
> entitled to relief, where it is not enough, to indicate merely that the
> plaintiff has a grievance, but sufficient detail must be given so that the
> defendant, and the court, can obtain a fair idea of what the plaintiff is
> complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984). Plaintiff's Complaint has

failed to meet the pleading requirements of the *Rules* and thus must be dismissed.

7.    Assuming, *arguendo*, that the Plaintiff's claim is premised on Chief

Wadsworth's and Magistrate Reed's being responsible for the activities of the

unidentified police officers, the Plaintiff has still not stated a claim upon which relief

can be granted. The Plaintiff's claims on a theory of *respondeat superior* cannot be

maintained under 42 U.S.C. § 1983 as alleged in the Complaint. *Monnell v.

Department of Social Services*, 436 U.S. 658 (1978); *Dean v. Barber*, 951 F.2d 1210 (11th

Cir. 1992). The only way a supervisor may be liable under § 1983 is if the supervisor

had a personal involvement in the constitutional deprivation, or if a sufficient causal

connection exists between the supervisor's conduct and the constitutional violation.

Id. In his Complaint, the Plaintiff alleged no personal involvement or causal

connection to support a § 1983 cause of action against either Chief Wadsworth or Magistrate Reed. Therefore, the Plaintiff's *respondeat superior* claims against these Defendants are due to be dismissed as a matter of law.

WHEREFORE, on the grounds set forth above, Defendants Alfred Wadsworth and Charlotte Reed respectfully move this Honorable Court for Judgment on the Pleadings, or to dismiss the Plaintiff's Complaint in its entirety.

ALEX L. HOLTSFORD (ASB-9586-D62A)
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendants Alfred Wadsworth and Charlotte Reed

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585 - Phone
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to

Mr. Marshall Taylor
229 Lewis Street
Prattville, AL 36067

on this the _8th_ day of _September_ 2005.

OF COUNSEL