IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-cv-745-A |
| | ) | (Lead Case) (WO) |
| | ) | |
| ALFORD WADSWORTH and | ) | |
| CHARLOTTE REED. | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-cv-800-T |
| | ) | |
| CHIEF ALFRED WADSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In these 42 U.S.C. § 1983 actions, the pro se plaintiff complains that defendant Wadsworth violated his constitutional rights by sending police officers to unlawfully enter his home and threaten him. He names as defendants Alfred Wadsworth, the Chief of Police for the City of Prattville and Charlotte Reed. The defendants have filed a motion for judgment on the pleadings, or in the alternative, motion to dismiss. *See* Doc. # 10, Civil Action No. 2:05cv745-A and Doc. # 9, Civil Action No. 2:05cv800-T. Upon consideration

of the pleadings in this case, the court concludes that the defendants' motions to dismiss are due be granted in part and denied in part.

## II. STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

Taylor alleges in his complaint that defendant Wadsworth, in his capacity as Chief of Police, personally sent two police officers to break into his house, and threaten him.[1] According to Taylor, the police officers entered his home without permission and threatened him with their weapons.[2] In reviewing the Complaint and the proceedings, the court applies "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White,* 133 F.3d 1382, 1386 (11th Cir. 1998).

The plaintiff has sued defendant Alfred Wadsworth and Charlotte Reed under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*,

---

[1] On a motion to dismiss, the court must take the facts as stated in the complaint as true.

[2] The plaintiff also accused defendant Wadsworth of sending "evil spirits" to his house.

3

451 U.S. 527 (1981). Thus, in order to prevail, the plaintiff must demonstrate that he was "deprived . . . of a right secured under the Constitution or federal law." *Willis v. University Health Services, Inc.,* 993 F.2d 837, 840 (11th Cir. 1993). Liberally construing the plaintiff's complaint, it is clear that Taylor is alleging that Wadsworth violated his Fourth Amendment rights to be free from unreasonable searches and seizures within his home. The Fourth Amendment guarantees that persons will be secure in their persons and homes against unreasonable searches and seizures. In addition, liberally construing his complaint, the plaintiff alleges that Wadsworth was personally involved in acts or omissions that resulted in the constitutional deprivation because he directed the officers to "break into" his home. *See Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The court cannot say, at this stage, that the plaintiff can prove no facts to support this claim. Thus, he is entitled to proceed on this claim against defendant Wadsworth. Defendant Wadsworth's motions for judgment on the pleadings, or in the alternative, motions to dismiss are due to be denied.

However, the language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988 (11th Cir. 1995). To prevail against Reed, Taylor must show that she was personally involved in acts or omissions that resulted in the constitutional deprivation. *See Hale, supra.* Taylor has alleged no facts that connect or involve defendant Reed with any constitutional violation. Therefore, the court concludes that the defendant Reed's motion for judgment on the pleadings, or in the alternative, motion to

dismiss is due to be granted and she is due to be dismissed as a defendant in this action.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge as follows that:

1. That defendant Wadsworth's motions for judgment on the pleadings, or in the alternative, motions to dismiss be denied;

2. That defendant Reed's motion for judgment on the pleadings, or in the alternative, motion to dismiss be granted and she be dismissed as a defendant in this action;

3. That the plaintiff's Fourth Amendment claims against defendant Wadsworth be REFERRED back to the Magistrate Judge for further proceedings; and

4. The parties are DIRECTED to file any objections to the said Recommendation on or before **November 21, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of November, 2005.

                                                /s/Charles S. Coody
                                            CHARLES S. COODY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE