IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:05-cv-00745-A |
| CHIEF ALFORD WADSWORTH | ) | |
| and CHARLOTTE REED, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:05-cv-800-T |
| CHIEF ALFORD WADSWORTH | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

COMES NOW Defendant Chief Alfred Wadsworth, by and through counsel, and respectfully moves this Honorable Court to dismiss the above-styled cases on the grounds that the Plaintiff has failed to provide any Responses to this Defendant's Interrogatories and Requests for Production pursuant to Rule 37 of the *Federal Rules of Civil Procedure* and this Court's Order of February 13, 2006, and has

otherwise failed to prosecute his claims. In support thereof, this Defendant states the following:

1. On or about November 21, 2005 counsel for Defendant Wadsworth served Interrogatories and Requests for Production upon Plaintiff Taylor by United States Mail, postage prepaid, to the Plaintiff's address of record. The Plaintiff's Responses to said Interrogatories and Requests for Production thus became due on or about December 21, 2005.

2. On December 29, 2005 more than 30 days had passed since service of the Interrogatories and Requests for Production of Documents on the Plaintiff and the Responses were then one week overdue. On that date, the undersigned counsel sent a letter to the Plaintiff, by United States Mail, postage prepaid, to the Plaintiff reminding the Plaintiff that his discovery responses were overdue and requesting the Plaintiff provide his discovery responses within ten days or provide a reasonable date certain upon which their receipt could be expected. (A copy of said letter is attached herewith as Exhibit A.)

3. On or about January 19, 2006 counsel for this Defendant filed a Motion requesting this Honorable Court compel the Plaintiff's Responses to this Defendant's discovery requests. In response to said Motion, on January 25, 2006 this Honorable

Court entered an Order for the Plaintiff to show cause why the Motion to Compel should not be granted.

4. On February 13, 2006, the Plaintiff having failed to respond to the Court's Order to show cause, the Court ordered that the Defendant's Motion to Compel Production be granted.

5. On or about February 14, 2006 counsel for this Defendant wrote to the Plaintiff at his address of record requesting the Plaintiff respond to the Defendant's Interrogatories and Requests for Production within seven days and enclosed a copy of this Court's Order of February 13, 2006. (A copy of the letter is enclosed herewith as Exhibit B.)

6. Counsel for this Defendant has still received no Response from the Plaintiff to this Defendant's Interrogatories and Requests for Production of Documents. Furthermore, this Defendant has received no response from this Plaintiff to the above-described correspondence or orders of this Court.

7. On March 17, 2006 the discovery cutoff ordered by this Honorable Court expired and there have been no discovery responses from the plaintiff and no initial disclosures provided by the Plaintiff. Consequently, this Defendant has been unfairly prejudiced in his ability to investigate the Plaintiff's claims and fully and

adequately prepare defenses thereto, and has been prejudiced in his ability to comply with this Court's Scheduling Order.

8.  From aught that appears, this Plaintiff has either willfully refused to comply with this Court's Order and Rules 26, 33, 34, and 37 of the *Federal Rules of Civil Procedure*, or has abandoned his claims by want of prosecution.

WHEREFORE, on the grounds set forth above, Defendant Wadsworth respectfully prays this Honorable Court enter an Order dismissing the Plaintiff's Complaints, or enter an Order providing such other and further relief as the Court finds just and appropriate to permit this Defendant to thoroughly and adequately defend the claims against him.

   /s/ S. Mark Dukes
ALEX L. HOLTSFORD (ASB-9586-D62A)
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendant Alfred Wadsworth

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585 - Phone
334-215-7101 - Facsimile
mdukes@nixholtsford.com

**CERTIFICATE OF SERVICE**

     I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to

Mr. Marshall Taylor
229 Lewis Street
Prattville, AL 36067

on this the 22nd day of March, 2006.

                                         /s/ S. Mark Dukes
                                         OF COUNSEL