IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-cv-745-A |
| | ) | (Lead Case) (WO) |
| | ) | |
| ALFORD WADSWORTH and | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-cv-800-T |
| | ) | |
| CHIEF ALFRED WADSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In these 42 U.S.C. § 1983 actions, the pro se plaintiff complains that defendant Wadsworth violated his constitutional rights by sending police officers to unlawfully enter his home and threaten him. A scheduling conference was held on November 21, 2005. At that time, the court explained to the plaintiff the discovery process in this court. On January 20, 2006, the defendant filed a motion to compel the plaintiff to respond to discovery requests. The court ordered the plaintiff to show cause why the motion to compel should not be granted. The plaintiff filed nothing in response to the court's order. Consequently, the court granted the defendant's motion to compel.

On March 23, 2006, the defendant filed a motion to dismiss based on the plaintiff's failure to communicate with opposing counsel and failure to respond to discovery requests (doc. # 29). The court ordered the plaintiff to show cause why the motion to dismiss should not be granted. The plaintiff was advised that his failure to respond to the defendants' written report would be treated by the court as "an abandonment of the claims set forth in the complaint." (Doc. # 30 at 2). Additionally, the plaintiff was specifically "cautioned that [his failure] to file a response in compliance with the directives of this order" would result in dismissal of this case. *Id*. The plaintiff has filed nothing in response to the court's order. In light of the foregoing, the court concludes that this case should therefore be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is a pro se plaintiff and it is clear from the pleadings filed by the plaintiff that an imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

defendant's motion to dismiss (doc. # 29) be granted and the plaintiff's complaint be dismissed. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 1, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2006.

       /s/Charles S. Coody
       CHARLES S. COODY
       CHIEF UNITED STATES MAGISTRATE JUDGE